IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL BRUCE WILLIAMS, JR., | ) | |
| Plaintiff | ) | C.A. No. 15-304 Erie |
| | ) | |
| v | ) | |
| | ) | **District Judge Rothstein** |
| DET. SGT. EDWARD SPAGEL, et al., | ) | **Magistrate Judge Baxter** |
| Defendants | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

It is respectfully recommended that:

    1.    The motion to dismiss filed by Defendants Spagel and Dregalla [ECF No. 18] be granted;

    2.    The motion to dismiss filed by Defendants Connelly, Hirz, and Bingle [ECF No. 21] be granted; and

    3.    The motion to dismiss filed by Defendant Little [ECF No. 37] be granted.

It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Defendant Sandra Selena Gray be dismissed from this case, *sua sponte*, for Plaintiff's failure to state a claim against her upon which relief may be granted.

**II.   REPORT**

    **A**.    **Relevant Procedural History**

On December 17, 2015, Plaintiff Michael Bruce Williams, Jr., an inmate incarcerated at the State Correctional Institution at Houtzdale, Pennsylvania, initiated this civil rights action by filing a *pro se* complaint against the following Defendants: Det. Sgt. Edward Spagel ("Spagel")

1

and patrolman Peter Dregalla ("Dregalla"), of the Erie Bureau of Police; Erie County Assistant District Attorney Erin C. Connelly ("Connelly"), and Sandra Selena Gray ("Gray").[1] Plaintiff subsequently filed another complaint on January 7, 2016, in which he adds three more Defendants: Erie County Assistant District Attorneys Elizabeth A. Hirz ("Hirz"), and Brandon Bingle ("Bingle"); and Jill Little ("Little"). Although the second complaint was docketed as an amended complaint, it is, in actuality, a supplemental complaint, because it includes only allegations against Defendant Bingle that are not asserted in the original complaint. Thus, both complaints are deemed operative in this case.

Although Plaintiff's allegations are piecemeal and lack clarity, Plaintiff appears to be alleging claims of false arrest/imprisonment, malicious prosecution, and defamation. It is unclear whether Plaintiff intends to raise these claims under state or federal law. Nonetheless, the Court will construe Plaintiff's false arrest/imprisonment and malicious prosecution claims as Fourth Amendment claims under 42 U.S.C. § 1983, <u>Albright v. Oliver</u>, 510 U.S. 266 (1994), while Plaintiff's defamation claim will remain a state law claim. As relief for his claims, Plaintiff seeks monetary damages.

On February 10, 2016, Defendants Spagel and Dregalla filed a motion to dismiss [ECF No. 18], arguing, *inter alia*, that Plaintiff's claims against them are barred by the statute of limitations. On February 11, 2016, Defendants Connelly, Hirz, and Bingle filed a motion to dismiss [ECF No. 21], arguing, *inter alia*, that Plaintiff's claims against them are barred by the doctrine of absolute prosecutorial immunity. On March 14, 2016, Defendant Little filed a motion

---

[1] According to the docket, Defendant Gray has never been served with a copy of either complaint in this matter and no attorney has entered an appearance on her behalf.

to dismiss [ECF No. 37] arguing that Plaintiff has failed to state a claim against her upon which relief may be granted. Plaintiff has since filed a reply to Defendants' motions [ECF No. 41]. This matter is now ripe for consideration.[2]

**B.      Relevant Factual History**

On September 26, 2012, Defendant Spagel issued a criminal complaint and affidavit of probable cause against Plaintiff, charging him with rape, aggravated assault, recklessly endangering another person, and possession of an instrument of crime, in connection with an incident that occurred on March 18, 2012. [ECF No. 18-1]. Defendant Dregalla was listed as the original arresting officer. On November 19, 2012, all charges were bound over to court by Magisterial District Judge Suzanne Mack, and a formal arraignment was subsequently held on January 28, 2013, in the Court of Common Pleas of Erie County, Pennsylvania. (ECF No. 18-2 at p. 3). On January 12, 2014, Plaintiff's case proceeded to a jury trial and, on January 17, 2014, Plaintiff was found guilty on all counts. (ECF No. 18-2 at pp. 3-4). Defendant Connelly was the prosecuting attorney. (Id. at p. 5). On April 28, 2014, Plaintiff was sentenced to serve a total of 7½ to 25 years' imprisonment, and was subsequently committed to SCI-Houtzdale. (Id. at p. 4). Plaintiff filed a timely Notice of Appeal to the Superior Court of Pennsylvania on May 27, 2014; however, the judgment of sentence was affirmed by the Superior Court by memorandum order dated March 11, 2015. [ECF No. 18-3].

---

[2] The motions to dismiss filed by Defendants Spagel and Dregalla [ECF No. 18], and Defendants Connelly, Hirz, and Bingle [ECF No. 21] attached a number of outside documents that have been reviewed and considered by this Court. As a result, said motions will be treated as motions for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, in accordance with Fed.R.Civ.P. 12(d). Pursuant to this Court's response orders dated February 11, 2016 [ECF No. 20] and February 16, 2016 [ECF No. 27], Plaintiff was given notice that Defendants' motions may be treated, in whole or in part, as motions for summary judgment, and was given adequate opportunity to respond accordingly.

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing'

rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### 2. **Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

5

Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw

reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249. The court may consider any evidence that would be admissible at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993).

### 3. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax

and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion

#### 1. Defendants Connelly, Bingle, and Hirz

##### a. Malicious Prosecution

Plaintiff brings a malicious prosecution claim against Defendants Connelly, Bingle, and Hirz arising from the prosecution of the charges stemming from the March 18, 2012 incident.

A prosecutor engaged in "activities intimately associated with the judicial phase of the criminal process" is absolutely immune from section 1983 money damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). Prosecutors engaged in solely administrative or investigative duties are not likewise immune. Rose v. Bartle, 871 F.2d 331, 343 (3d Cir. 1989). Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). *See also* Rose v.

Bartle, 871 F.2d at 343.

Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. *See* Rose; Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Imbler, 424 U.S. at 431, n. 33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F. Supp. 160, 161 (E.D. Pa. 1982).

Here, Plaintiff's claims against Defendants Connelly, Bingle, and Hirz are clearly judicial in nature. As a result, said Defendants are immune from liability under the doctrine of absolute prosecutorial immunity and the claims against them should be dismissed accordingly.

### b. Defamation

Plaintiff has also alleges a claim of defamation against Defendants Connelly, Bingle, and Hirz, in connection with the publication of the charges arising from the March 18, 2012 incident. This is a pendent state law claim under Pennsylvania law, over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's Fourth Amendment malicious prosecution claim against Defendants Connelly, Bingle, and Hirz must fail as a matter of law, this Court does not have an

independent basis on which to exercise jurisdiction over Plaintiff's state law claim of defamation against the same Defendants. As a result, Plaintiff's defamation claim against Defendants Connelly, Bingle, and Hirz should be dismissed.

### 2. Defendant Little

Defendant Little contends that she should be dismissed from this case due to Plaintiff's failure to state a claim against her upon which relief may be granted. The Court agrees. Aside from the inclusion of Defendant Little's name in the caption of the supplemental complaint [ECF No. 7], Plaintiff has utterly failed to state any factual allegations or legal claims against her. Thus, Defendant Little should be dismissed from this case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. Defendants Spagel and Dregalla

#### a. False Arrest and/or False Imprisonment

Plaintiff alleges claims of false arrest and/or false imprisonment against Defendants Spagel and Dregalla arising from the charges that were filed against him in connection with the incident of March 18, 2012. Defendants Spagel and Dregalla argue that Plaintiff's claims against them are barred by the applicable statute of limitations. The Court agrees.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims. Samerica Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). Based on Pennsylvania's applicable statute of limitations, a § 1983 claim must be filed no later than two years from the date of the alleged violation. See Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d

Cir. 1996). Similarly, pursuant to Pennsylvania's applicable statute of limitations, claims based upon false arrest and false imprisonment must be filed no later than two years from the date of the alleged incident. See 42 Pa.C.S. § 5524.

For purposes of determining the start of the limitations period for claims of false arrest and/or imprisonment, a court must decide when the alleged false imprisonment came to an end. Wallace v. Kato, 549 U.S. 384, 388 (2007). According to the Supreme Court, "a false imprisonment ends once the victim becomes held *pursuant to [legal] process* – when, for example, he is bound over by a magistrate judge or arraigned on charges." Wallace, 549 U.S. at 388 (citations omitted). Here, Plaintiff was bound over on November 19, 2012, and formally arraigned on January 28, 2013, the latter being the latest date on which Plaintiff's claims of false arrest and/or imprisonment may be deemed to have accrued. Thus, to be timely, Plaintiff's claims must have been filed on or before January 28, 2015. Here, Plaintiff's original complaint was not filed with this Court until December 17, 2015, well after the expiration of the limitations period. Thus, Plaintiff's claims of false arrest and/or imprisonment against Defendants Spagel and Dregalla should be dismissed as untimely.

### b. Defamation

Plaintiff has also alleged a claim of defamation against Defendants Spagel and Dregalla in connection with the publication of the charges arising from the March 18, 2012 incident. As noted earlier, this is a pendent state law claim under Pennsylvania law over which this Court is not required to exercise jurisdiction absent the existence of a cognizable federal claim. Since this Court has already determined that Plaintiff's Fourth Amendment false arrest and/or imprisonment claim against Defendants Spagel and Dregalla must fail as a matter of law, this

Court does not have an independent basis on which to exercise jurisdiction over Plaintiff's state law claim of defamation against the same Defendants. As a result, Plaintiff's defamation claim against Defendants Spagel and Dregalla should be dismissed.

### 4. Defendant Gray

As noted earlier, Defendant Gray was never served in this case, and no attorney has entered an appearance on her behalf. Thus, she has not joined in the pending motion to dismiss. Nonetheless, Section 1915A(b) of the Prison Litigation Reform Act ("PLRA") provides:

> (b) Grounds for dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A(b). Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or *sua sponte*, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding *in forma pauperis*. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania

---

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating *sua sponte* dismissal of *in forma pauperis* actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e), and 42 U.S.C. § 1997e(c), the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

Here, as with Defendant Little, Plaintiff has simply failed to state any allegations or claims against Defendant Gray in this case upon which relief may be granted. Moreover, assuming Plaintiff is attempting to bring a claim against Defendant Gray under Section 1983, Plaintiff cannot do so without first establishing that Defendant Gray acted under color of state law. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149 (1978). Otherwise, there is no basis for jurisdiction under Section 1983. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Clearly, Plaintiff has neither alleged, nor can he establish, that Defendant Gray was a state actor or that her conduct was "fairly attributable to the state." See Lugar v. Edmundson Oil Co., 457 U.S. 922, 937 (1982). Thus, Defendant Gray should be dismissed from this case, *sua sponte*, pursuant to the authority granted by the PLRA.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that:

1. The motion to dismiss filed by Defendants Spagel and Dregalla [ECF No.

18] be granted;

2. The motion to dismiss filed by Defendants Connelly, Hirz, and Bingle [ECF No. 21] be granted; and

3. The motion to dismiss filed by Defendant Little [ECF No. 37] be granted.

It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Defendant Sandra Selena Gray be dismissed from this case, *sua sponte*, for Plaintiff's failure to state a claim against her upon which relief may be granted. Based on the foregoing, Plaintiff's complaint should be dismissed in its entirety and this case should be closed.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        s/Susan Paradise Baxter_____
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: August 22, 2016

cc: The Honorable Barbara Rothstein
    United States District Judge